**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JORDAN D. THOMAS,** | * | |
| **Plaintiff** | | |
| | * | |
| **v.** | | **Civil Action No. MJM-26-1682** |
| | * | |
| **BALTIMORE POLICE DEPARTMENT,** | | |
| **Defendant.** | * | |

******

**ORDER**

On November 2, 2026, self-represented plaintiff Jordan Thomas ("Plaintiff") filed an emergency motion for a temporary restraining order and preliminary injunction. ECF 26. Upon review of the motion, the Court does not find immediate relief necessary or appropriate before defendant Baltimore Police Department ("Defendant") has an opportunity to be heard in opposition.

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"A temporary restraining order, much like a preliminary injunction, affords an extraordinary and drastic remedy prior to trial." *Profiles, Inc. v. Bank of Am. Corp.*, 453 F. Supp. 3d 742, 747 (D. Md. 2020) (internal quotation marks and citation omitted); *see also Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). A plaintiff seeking such extraordinary preliminary relief must make "a clear

showing that [he] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Specifically, the movant must demonstrate four factors:

> (1) that the movant is likely to succeed on the merits, (2) that the movant will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors preliminary relief, and (4) that injunctive relief is in the public interest.

*Profiles*, 453 F. Supp. 3d at 746 (citing *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014)). The movant must establish all four requirements to prevail. *Id.* (citing *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013)).

Here, Plaintiff avers that he is at imminent risk of decertification as a police officer and termination of employment. ECF 26 at 2, 4. But, ordinarily, termination of employment "does not constitute irreparable injury because any such injury, if it occurs, can be remedied fully by the award of money damages, and if appropriate, reinstatement and back pay." *Fender v. Biltmore Forest Country Club, Inc.*, No. 1:18-CV-00043-MR-DLH, 2018 WL 2304045, at *1 (W.D.N.C. May 21, 2018) (citing *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994)); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("[T]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury."). Plaintiff fails to make a clear showing that he will suffer irreparable harm before Defendant can be heard in opposition to his motion.

That said, the Court finds good cause to expedite the briefing schedule for Plaintiff's emergency motion for a preliminary injunction. Defendant shall respond to the motion within one week, and Plaintiff shall file any reply within one week of service of Defendant's response.

Accordingly, it is on this 2nd day of November, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's request for a temporary restraining order is DENIED without prejudice;
2. Defendant SHALL FILE a response to Plaintiff's motion for a preliminary injunction no later than **November 9, 2026**;
3. Plaintiff SHALL FILE any reply **within seven (7) days** of service of Defendant's response to the motion; and
4. The Clerk SHALL SEND a copy of this Order to Plaintiff and to counsel for Defendant.

/S/

Matthew J. Maddox
United States District Judge